IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER BARAJAS,

    Petitioner,               No. CIV S-01-1572 DFL DAD P

    vs.

MIKE KNOWLES, Warden, et al.,

    Respondents.         <u>THIRD ORDER TO SHOW CAUSE</u>

                            /

        Petitioner is a state prisoner proceeding with counsel. On August 9, 2004, the court granted petitioner's unopposed motion to stay this action. Petitioner was ordered to file a state exhaustion petition and to notify this court of such filing within sixty days after August 9, 2004. Petitioner was also ordered to file a status report on January 3, 2005, and to file a status report on the first court day of every second month thereafter until the stay is lifted.

        An order to show cause was issued on October 20, 2004, after petitioner failed to notify this court that he had filed a state exhaustion petition. Upon consideration of petitioner's response, the undersigned discharged the order to show cause, ordered petitioner to file a status report on March 4, 2005, with subsequent reports on the first court day of every second month thereafter, and cautioned petitioner that failure to comply with court orders may result in an order imposing sanctions. (Order filed Nov. 9, 2004, at 1-2.)

1         In a timely status report filed on March 4, 2005, petitioner's counsel reported that
2  the Sacramento County Superior Court denied petitioner's first state habeas petition on January
3  31, 2005, and that counsel was preparing a petition to be filed in the California Court of Appeal.
4         Petitioner did not file a status report on May 2, 2005, as required by court order.
5  A second order to show cause was issued on May 24, 2005.  Upon consideration of petitioner's
6  response, the undersigned discharged the order to show cause but cautioned petitioner that failure
7  to file and serve a status report on or before July 1, 2005, would result in a recommendation that
8  the stay of this action be lifted and this action proceed on the federal habeas petition previously
9  submitted for decision on November 5, 2001.  (Order filed June 8, 2005, at 1.)
10        In a timely status report filed on July 1, 2005, petitioner stated that exhaustion was
11 proceeding in state court and that counsel was still preparing a petition to be filed in the
12 California Court of Appeal.  In a timely status report filed on August 27, 2005, petitioner's
13 counsel indicated once again that he was still preparing the petition to be filed in the California
14 Court of Appeal.  In timely status reports filed on October 31, 2005, and on January 3, 2006,
15 petitioner stated only that state court exhaustion was proceeding.
16        In a status report filed on March 6, 2006, five days late, petitioner again stated that
17 exhaustion was proceeding but provided no details.  In a status report filed on May 7, 2006, six
18 days late, petitioner once again stated that exhaustion was proceeding but did not provide details.
19 Finally, in a status report filed on August 9, 2006, thirty-seven days late, petitioner stated yet
20 again that exhaustion was proceeding but did not provide details.  Petitioner failed to file the
21 status report due on September 1, 2006, or the status report due on November 1, 2006.
22        This case has been stayed since August 9, 2004.  Petitioner has not informed this
23 court whether he filed a petition in the California Court of Appeal and, if so, the disposition of
24 that petition and any proceedings in the state's highest court.  Although it is within the discretion
25 of the district court to stay federal habeas proceedings while a state prisoner presents
26 unexhausted claims to the state courts, federal proceedings may not be stayed indefinitely, and

1 reasonable time limits must be imposed on a petitioner's return to state court to exhaust
2 additional claims.  Rhines v. Weber, 544 U.S. 269, 277-78 (2005).

3   Here, petitioner's diligence in exhausting state court remedies is questionable in
4 light of the delay of seven months or more between the disposition of his first state habeas
5 petition and the filing of a petition in the California Court of Appeal.  Petitioner appears to have
6 exceeded reasonable time limits for the stay of this action.  Petitioner has also repeatedly failed to
7 comply with court orders governing the stay.  Petitioner will be required to show good cause for
8 his failure to file timely status reports in March, May, and July of 2006, his complete failure to
9 file the status reports due on September 1, 2006, and November 1, 2006, and for his apparent
10 lack of diligence in exhausting state court remedies on additional claims.  Petitioner's response to
11 this order must include a declaration setting forth the filing dates of all state exhaustion petitions
12 and the dates of all orders issued by the state courts regarding those petitions.

13   Accordingly, IT IS ORDERED that petitioner shall, within ten days after this
14 order is served, show good cause in writing for his failure to file timely status reports in March,
15 May and July of 2006, his failure to file the status reports due on September 1, 2006, and
16 November 1, 2006, and his apparent lack of diligence in exhausting state court remedies on
17 unexhausted claims.  Failure to show both good cause and diligence will result in a
18 recommendation that the stay of this action be lifted immediately and that this action proceed on
19 the petition previously submitted for decision on November 5, 2001.

20 DATED: November 27, 2006.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

24 DAD:13
bara1572.osc3